IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                      Plaintiff,

v.

ALEXANDER W. KAWLESKI,

                      Defendant.

FINAL HEARING ORDER

19-cr-25-jdp

---

A final hearing was held before District Judge James D. Peterson. The government appeared by Elizabeth Altman and Laura Przybylinski-Finn. Defendant Alexander W. Kawleski appeared on his own behalf and by Joseph Bugni.

I resolved two motions in limine. First, I granted Kawleski's motion to exclude evidence about the length of Kawleski's relationship with Minor A. The government may present testimony that Kawleski was engaged to Minor A's mother and that they lived together at the time of the alleged crimes. But evidence that Kawleski had helped to raise Minor A since she was five years old is both irrelevant to elements that the government must prove and highly prejudicial to the defense.

Second, I denied Kawleski's motion to exclude a montage of the videos that Kawleski recorded of the minors. However, the government agreed that the jury instructions may be amended to reflect that Count 16 (the possession charge) is limited to the videos under the filenames "00015" and "this is good."

I also resolved two disputes about the jury instructions, one related to the meaning of "produced" and the other related to the meaning of "lascivious exhibition." The parties agreed to omit several other instructions. I have made other revisions to both the instructions and the

voir dire. Updated versions of the both the instructions and the voir dire are attached to this order. If the parties have any objections to the updated documents, they should raise them with the court before trial.

I uncovered one other discrepancy in the post-trial instructions. Specifically, the instructions for Counts 1–15 refer to materials that were "transported in interstate or foreign commerce." But the instruction for Count 16 refers to materials that were "*shipped or transported in interstate or foreign commerce.*" The language in the instructions reflects the language that the government used in the indictment for each charge, but it raises the question whether the parties believe that there is a relevant difference between the terms "shipped" and "transported." The instructions define the phrase "shipped or transported in interstate or foreign commerce," but the instructions do not explain how that is different from simply "transported in interstate or foreign commerce." Because this discrepancy could cause juror confusion, the parties should be prepared to address this issue when they meet with the court before the beginning of trial.

ORDER

IT IS ORDERED that defendant Alexander Kawleski's motion in limine to exclude evidence of the length of his and Minor A's relationship is GRANTED and his motion to exclude the montage video is DENIED, as described above.

Entered July 12, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge